UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jing Lin, Liu; and Guo Jia, Mai,<br><br>             Plaintiffs,<br>vs.<br><br>BAC Home Loans Servicing, LP;<br>MERSCORP, Inc.; and Mortgage Electronic<br>Registration Systems, Inc.,<br><br>             Defendants. | Case No.: 2:11-cv-02009-GMN-GWF<br><br>**ORDER** |

Before the Court is the Motion to Dismiss (ECF No. 13) filed by Defendants BAC Home Loans Servicing, LP ("BAC Home Loans"), MERSCORP, Inc. ("MERSCORP"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants").

**I. BACKGROUND**

Plaintiffs Jing Lin Liu and Guo Jia Mai originally filed this action in state court relating to the property located at 8832 Settlers Pointe Ct., Las Vegas, NV, 89148, APN#: 029-00-000-549 ("the property"), and the action was removed to this Court. (ECF No. 1.) The complaint alleges eleven causes of action: (1) unfair lending practices – NRS 598D.100, 598D110; (2) deceptive trade practices; (3) conspiracy to commit fraud and conversion; (4) conspiracy to conversion related to MERS system; (5) inspection and accounting; (6) unjust enrichment; (7) breach of good faith and fair dealing; (8) injunctive relief; (9) declaratory relief; (10) rescission – cancel deed of trust; and (11) violations of the Fair Housing Act 42 U.S.C. § 3601 *et seq.* (ECF No. 1-1.)[1]

---

[1] Plaintiffs' complaint appears to be a form complaint that has appeared before this Court in other cases. *See, e.g.*, *Wong v. BAC Home Loans Servicing, LP*, No. 2:11-cv-01608-GMN-CWH, 2012 WL 4868085, 2012 U.S. Dist. LEXIS 147111 (D. Nev. Oct. 11, 2012); *Lee v. BAC Home Loans Servicing, LP*, No. 2:11-cv-1583-JCM-PAL, 2011 WL 5827202, 2011 U.S. Dist. LEXIS 133697 (D. Nev. Nov. 18, 2011); *Miller v. MERSCORP Inc.*, No. 2:11-cv-00987-GMN-CWH, 2011 WL 6097751, 2011 U.S. Dist. LEXIS 140474 (D. Nev. Dec. 5, 2011);

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

---

*Frederick v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801, 2012 U.S. Dist. LEXIS 54217 (D. Nev. April 18, 2012); *Zhen v. BAC Home Loans Servicing, LP*, No. 2:11-cv-01585-GMN-CWH, 2012 WL 3619147, 2012 U.S. Dist. LEXIS 117618 (D. Nev. Aug. 21, 2012); *see also Mai v. Am. Home Loans Servicing, LP*, No. 2:11-cv-01217-PMP-PAL, (D. Nev. Jan. 23, 2012) (Plaintiffs filed a defective complaint relating to the foreclosure sale of the property located at 808 Cowboy Cross Avenue, North Las Vegas, NV, 89086, APN#:124-26-213-022).

"they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III. DISCUSSION**

As discussed below, the Court will grant the motion to dismiss, and will dismiss Plaintiffs' Complaint. Because Plaintiffs are representing themselves *pro se*, the Court will give Plaintiffs leave to amend their complaint.

**(1) Unfair Lending Practices**

Plaintiffs' first cause of action alleges violations of Nevada Revised Statutes §§ 598D.100 and 598D.110. Plaintiff obtained the instant loan in November 2006 and filed their original complaint in state court in August 2010. A lender who willfully engages in an unfair lending practice described in Chapter 598D is guilty of a misdemeanor, and is liable to the borrower. Nev. Rev. Stat. § 598D.110. The Nevada Attorney General has primary jurisdiction to investigate and prosecute violations of Chapter 598D. Nev. Rev. Stat. § 598D.150(1). Here, the statute of limitations for this action expired in 2009. *See* Nev. Rev. Stat. § 11.190(3)(a) (Three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture.") Accordingly, this cause of action is dismissed.

**(2) Deceptive Trade Practices**

Plaintiffs' second cause of action alleges deceptive trade practices pursuant to Nevada Revised Statutes §§ 598.0915 and 598.0923. Subsection 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice. Here, Plaintiff alleges that "Defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)." (Compl. 8:¶41). Plaintiffs' claim arises from the origination of the loan in November 2006, and the instant action was filed in August 2010. Here, this claim is not barred by the applicable statute of limitations for a claim under the Deceptive Trade Practices Act, which is four years. *See* Nev. Rev. Stat. § 11.190(2)(d). However, as discussed below, this claim must also be dismissed.

First, subsection 598.0923 does not apply to this case: (1) Plaintiffs have not alleged, pursuant to subsection one, that any Defendant has been conducting its business without a required license; (2) subsections two and three apply to the sale or lease of goods or services; (3) Plaintiffs have not alleged that any Defendant, pursuant to subsection four, has used coercion, duress or intimidation in a transaction; and (4) no Defendant was the seller in a land sale installment contract pursuant to subsection five.

Moreover, courts have recognized that the Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure"). Accordingly, this cause of action is dismissed.

**(3) Conspiracy to Commit Fraud and Conversion; and**

**(4) Conspiracy to Commit Fraud Related to MERS System**

To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the "who, what, when, where, and how" of the misconduct. *Ness v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiffs make conclusory allegations of fraud and fails to individualize the

Defendants' conduct.  For example, Plaintiffs allege that Defendants "did willfully and knowing conspire and agree among themselves to engage in a conspiracy to promote, encourage, facilitate and actively engage in fraudulent and predatory lending practices." (Compl. 10:¶60.)  The Complaint also refers to "Defendant, "Freddie Mac," but does not name such a defendant in the case caption or in the description of parties to the complaint. (*See* Compl. 10:¶63.)  The Complaint alleges that MERS was created as a fraudulent venture to take advantage of unwitting borrowers and that the defendants "acted as creators for the conspiracy." (Compl. 12:¶69.)  Such general and vague allegations are not sufficient to meet the heightened pleading standard of Rule 9(b).  Accordingly, these causes of action are dismissed.

### (5) Inspection and Accounting

An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells Fargo,* 2010 WL 4102943 (D. Nev. 2010).  Absent special circumstances, no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiffs allege that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan transaction, the defendants were paid excessive interest and fees . . . . Therefore proper discovery and accounting will reveal the 'true realized' status of the account as stated." (Compl. 12:¶76.)  However, Plaintiffs have failed to allege any special circumstances that would create the requisite fiduciary relationship between themselves as the borrowers, and one or more Defendants as a lender. *See McCurdy*, 2010 WL 4102943 (dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust). Accordingly, this cause of action is dismissed.

### (6) Unjust Enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id*.  Plaintiffs' Complaint admits that they entered into an express contract when they executed the deed of trust and note. (Compl. 3:¶2.)  Accordingly, this cause of action is dismissed.

### (7) Breach of Good Faith and Fair Dealing

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiffs must allege: (1) Plaintiffs and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiffs; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiffs' justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator-Nevada v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

Plaintiffs alleges that Defendants breached the duty in two ways.  First, Plaintiff contends that by failing to pay equal consideration to Plaintiff's financial interests, Defendants acted in bad faith.  Second, Plaintiff argues that Defendants refused to negotiate with Plaintiff in good faith after plaintiff requested payment assistance under the Home Affordable Modification Program ("HAMP").

Plaintiffs' first contention must fail because it is established that lenders owe no

fiduciary obligations to borrowers absent exceptional circumstances. *See Kwok v. CR Title Co.*, No. 2:09-cv-02298-RLH-LRL (D. Nev. June 23, 2010).  No exceptional circumstances or special relationship was alleged here.

Plaintiffs' second allegation regarding the covenant of good faith and fair dealing alleges that Defendants failed to meet their obligations under the federal HAMP program, and that the failure constitutes a breach of the covenant of good faith and fair dealing.  However, even if Plaintiffs have a private right of action under HAMP, Plaintiffs have failed to allege any conduct by Defendants which deliberately contravened the intention and spirit of any agreement between them.  Accordingly, this cause of action is dismissed.

**(8) Injunctive Relief; (9) Declaratory Relief; (10) Rescission**

Plaintiffs' eighth, ninth and tenth causes of action are not recognized as causes of action in Nevada.  Injunctive relief, declaratory relief, and rescission are remedies, not claims.  Accordingly, these "causes of action" are dismissed.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 13) is **GRANTED**.  Plaintiffs' Complaint is dismissed without prejudice.  Plaintiffs are given leave to file an amended complaint consistent with this Order by January 3, 2013.  Failure to do so within this time will result in dismissal of this action with prejudice.

**DATED** this 19th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge