**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JING LIN, LIU; and GUO JIA, MAI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BAC HOME LOANS SERVICING, LP; ) <br> MERSCORP, INC.; and MORTGAGE ) <br> ELECTRONIC REGISTRATION SYSTEMS, ) <br> INC., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-02009-GMN-GWF <br><br> **ORDER** |

Before the Court is the Motion to Dismiss (ECF No. 37) Plaintiffs' Amended Complaint, filed by Defendants BAC Home Loans Servicing, LP ("BAC Home Loans"), MERSCORP, Inc. ("MERSCORP"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Plaintiffs filed a Response (ECF No. 39) and Defendants filed a Reply (ECF No. 40).

**I.   BACKGROUND**

Plaintiffs Jing Lin Liu and Guo Jia Mai originally filed this action in state court relating to the property located at 8832 Settlers Pointe Ct., Las Vegas, NV, 89148, APN#: 029-00-000-549 ("the property"), and the action was removed to this Court. (ECF No. 1.)

The original Complaint (ECF No. 1-1) alleged eleven causes of action: (1) unfair lending practices – NRS 598D.100, 598D110; (2) deceptive trade practices; (3) conspiracy to commit fraud and conversion; (4) conspiracy to conversion related to MERS system; (5) inspection and accounting; (6) unjust enrichment; (7) breach of good faith and fair dealing; (8) injunctive relief; (9) declaratory relief; (10) rescission – cancel deed of trust; and

(11) violations of the Fair Housing Act 42 U.S.C. § 3601 *et seq*.[1] The Court dismissed the original Complaint without prejudice for failure to state a claim upon which relief may be granted, identifying the deficiencies in Plaintiffs' Complaint, and giving Plaintiffs leave to amend in order to cure the deficiencies described in the Order. (Order, Dec. 19, 2012, ECF No. 35.)

Plaintiffs filed an Amended Complaint (ECF No. 36), alleging five causes of action: (1) Statutory Wrongful Foreclosure Under NRS 107.080; (2) Fraud and Intentional Deceit; (3) Conspiracy to Commit Fraud and Conversion; (4) Conspiracy to Conversion Related to MERS System; and (5) Breach of Good Faith and Fair Dealing. As with their original Complaint, Plaintiffs attach a copy of a Deed of Trust for the property located at 8832 Settlers Pointe Ct., Las Vegas, NV, 89148, APN #: 163-32-610-005 ("the Settlers Pointe property"). (Ex. 1 to Am. Compl., ECF No. 36; Ex. B to Notice of Removal, ECF No. 1-2.)

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the

---

[1] Plaintiffs' original Complaint (ECF No. 1-1) appears to be a form complaint that has appeared before this Court in other cases. *See, e.g.*, *Wong v. BAC Home Loans Servicing, LP*, No. 2:11-cv-01608-GMN-CWH, 2012 WL 4868085, 2012 U.S. Dist. LEXIS 147111 (D. Nev. Oct. 11, 2012); *Lee v. BAC Home Loans Servicing, LP*, No. 2:11-cv-1583-JCM-PAL, 2011 WL 5827202, 2011 U.S. Dist. LEXIS 133697 (D. Nev. Nov. 18, 2011); *Miller v. MERSCORP Inc.*, No. 2:11-cv-00987-GMN-CWH, 2011 WL 6097751, 2011 U.S. Dist. LEXIS 140474 (D. Nev. Dec. 5, 2011); *Frederick v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801, 2012 U.S. Dist. LEXIS 54217 (D. Nev. April 18, 2012); *Zhen v. BAC Home Loans Servicing, LP*, No. 2:11-cv-01585-GMN-CWH, 2012 WL 3619147, 2012 U.S. Dist. LEXIS 117618 (D. Nev. Aug. 21, 2012); *see also Mai v. Am. Home Loans Servicing, LP*, No. 2:11-cv-01217-PMP-PAL, (D. Nev. Jan. 23, 2012) (Plaintiffs filed a defective complaint relating to the foreclosure sale of the property located at 808 Cowboy Cross Avenue, North Las Vegas, NV, 89086, APN#:124-26-213-022).

complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on

a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

**III.   DISCUSSION**

As discussed below, the Court will grant the motion to dismiss.  Furthermore, because it is clear that the deficiencies cannot be cured by amendment, the Court will dismiss Plaintiffs' Amended Complaint with prejudice.[2]

  **A.   Plaintiffs' Cause of Action for Statutory Wrongful Foreclosure**

In their first cause of action for statutory wrongful foreclosure, Plaintiffs allege that Defendants violated the procedural requirements of section 107.080 of Nevada Revised

---

[2] Also, Plaintiffs have not shown good faith in the pursuit of this litigation, as demonstrated by their failure to appear at the September 26, 2012, settlement conference conducted by United States Magistrate Judge George Foley, Jr., and failure to provide any explanation as to why they did not attend. (*See* Min. Order, Sept. 28, 2012, ECF No. 32.)

Statutes, without specifying which actions of each Defendant constituted a violation.  Plaintiffs do appear to allege that Defendant MERS was not authorized to file the Notice of Default, but do not provide the allegedly deficient Notice of Default; and the Deed of Trust submitted by the Plaintiffs with their Amended Complaint for the Settlers Pointe property is for a different property than the property for which the Notice of Default was recorded and on which the allegations in their pleadings are based. (*See* Compl., 3:7-35, ECF No. 1-1; Am. Compl., 1:¶1, ECF No. 36; Deed of Trust for Settlers Pointe property, APN #: 163-32-610-005, Ex. 1 to Am. Compl., ECF No. 36; Notice of Default for Cowboy Cross property, APN: #124-26-213-022, Ex. H to Mot. to Dismiss, ECF No. 37-8.)

      The property for which a Notice of Default was recorded is located at 808 Cowboy Cross Avenue, North Las Vegas, NV, 89086, APN #: 124-26-213-022 ("the Cowboy Cross property), and the Deed of Trust for that property specifically authorizes MERS to act as beneficiary "solely as nominee for the Lender and Lender's successors and assigns." (Deed of Trust for Cowboy Cross property, APN #:124-26-213-022, Ex. F to Mot. to Dismiss, ECF No. 37-6.)  Plaintiffs provide no explanation for this discrepancy in their Response (ECF No. 39). Plaintiffs also fail to respond to or acknowledge the previous actions they filed that were removed to the District of Nevada in 2012 relating to the Cowboy Cross property, *Liu v. America Home Loans, Inc.*, No. 2:12-cv-00165-LDG-RJJ (D. Nev. 2012), and *Mai v. Am. Home Loans Servicing, LP*, No. 2:11-cv-01217-PMP-PAL, (D. Nev. Jan. 23, 2012), which were noted by this Court in its previous Order and by Defendants in the instant motion.  (*See* Order, Dec. 19, 2012, ECF No. 35; Exs. O-R to Mot. to Dismiss, ECF No. 37-15.)

      For these reasons, the Court must find that Plaintiffs cannot state any claim upon which relief may be granted for this cause of action.  This is particularly apparent where Plaintiffs' allegations of statutorily deficient foreclosure rely either on a property for which no Notice of Default was apparently recorded (the Settlers Pointe property), or alternatively, on a Notice of

Default for a separate property (the Cowboy Cross property) that is statutorily compliant on the face of the publicly recorded documents submitted to the Court, and for which previous litigation has apparently been initiated by Plaintiffs. Accordingly, this cause of action must be dismissed.

### B. **Plaintiffs' Causes of Action for Fraud and Conspiracy**

To allege a conspiracy to defraud, a plaintiff must satisfy the particularity requirements for allegations of fraud under Rule 9(b) of the Federal Rules of Civil Procedure, and inform each defendant of its actions that constituted joining the conspiracy. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Allegations of fraud should be accompanied by the "'who, what, when, where, and how' of the misconduct." *Id* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, Plaintiffs' second cause of action for fraud and intentional deceit provides only conclusory allegations, fails to allege any specific details as to the alleged fraudulent actions, and does not specify which Defendant did what. As explained by the Court in its prior Order (ECF No. 35), such general and vague allegations are not sufficient to meet the heightened pleading standard of Rule 9(b). Accordingly, this cause of action must be dismissed.

Furthermore, Plaintiffs' third and fourth causes of action alleging conspiracy to commit fraud and conversion merely re-state identical allegations stated in the original Complaint, which were found to be deficient by the Court in its prior Order (ECF No. 35). Therefore, for the same reasons stated previously, these causes of action fail to state a claim upon which relief may be granted. Accordingly, these causes of action are dismissed.

### C. **Plaintiffs' Cause of Action for Breach of Good Faith and Fair Dealing**

In the Amended Complaint, in their fifth cause of action for breach of good faith and fair dealing, Plaintiffs' allegations are identical to those in their original Complaint, and merely excerpt from those in the original Complaint. Plaintiffs provide no additional basis to support

these claims; therefore Plaintiffs have failed to cure the deficiencies described by the Court in its prior Order (ECF No. 35), and this cause of action must be dismissed for the same reasons.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 37) is **GRANTED**. Plaintiffs' Amended Complaint is **DISMISSED with prejudice**. The Clerk shall enter judgment accordingly.

**DATED** this 8th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge